IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD WAYNE STOCK,        )
                                           )
                Plaintiff,    )   No. 3:13-cv-474-TC
                                           )
                     v.      )   ORDER
                                         )
Commissioner of Social Security,  )
                                         )
               Defendant.    )

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits. Plaintiff seeks a reversal for the payment of benefits, or, in the alternative, for further proceedings.

    Plaintiff asserts disability due to bilateral shoulder arthritis and back pain. He has had multiple surgeries on his shoulder and takes morphine.

1 - ORDER

At step four of the sequential evaluation process, the ALJ found that plaintiff was able to perform his past relevant work as a street sweeper operator. Plaintiff contends he cannot lift himself into the machine or perform necessary maintenance on it.

Plaintiff contends that the ALJ erred in failing to credit medical opinions and in assessing plaintiff's credibility. He contends that the ALJ erred in failing to credit the opinion of Dr. Allen Moore. Moore is plaintiff's treating orthopedic surgeon who provided an opinion that plaintiff was disabled. Among other things, Moore opined that plaintiff had moderate limitation in his abilities to grasp and perform fine manipulation and a marked limitation in his ability to reach. The ALJ's residual functional capacity assessment did not at all limit plaintiff's ability to reach, handle, finger or perform fine or gross manipulations with his dominant hand. In giving only very limited weight to Dr. Moore's opinion, the ALJ found it to be vague, p. 11 of Defendant's Brief, and "arguably inconsistent." Tr. 36. The ALJ also noted several times that Dr. Moore's opinion did not indicate if limitations were for both arms or just one. Tr. 36. In addition, the ALJ noted there was not underlying objective medical evidence that suggested that plaintiff has limitations in his ability to grasp or perform fine manipulation. Id.

All things considered, the record needs to be more fully developed as there is ambiguous evidence and the record is

2 - ORDER

inadequate to allow for proper evaluation of the evidence. <u>See</u>, <u>Mayes v. Massinari</u>, 276 F.3d 453, 459-460 (9th Cir. 1999); 20 C.F.R. §404. 1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques").

The ALJ shall contact Dr. Moore and request new or more detailed information and reports as the ALJ see fit. The ALJ shall then consider and weigh all the evidence and perform a new five step sequential analysis.


<u>CONCLUSION</u>

The decision of the Commissioner is reversed and this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

DATED this _____ day of March, 2014.


_____
THOMAS M. COFFIN
United States Magistrate Judge


3 - ORDER